UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ERIC THOMPSON,

      Petitioner,                                 Case No. 14-14203

v.                                            HON. AVERN COHN

JEFF LARSON,

      Respondent.
_____/

**MEMORANDUM AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS
CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I.  Introduction

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner James Eric

Thompson, (Petitioner), is a state inmate at the St. Louis Correctional Facility in St.

Louis, Michigan following his conviction on two counts of first-degree criminal sexual

conduct, M.C.L. § 750.520b(1)(B).  Petitioner was also sentenced to lifetime electronic

monitoring upon his release from prison.  Petitioner says that the requirement he serve

lifetime electronic monitoring was contrary to Michigan law.  As will be explained,

Petitioner's claim is not cognizable on habeas review.  Accordingly, the petition will be

dismissed for failure to state a claim upon which habeas relief may be granted.

II.  Background

      Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct and

was sentenced to thirteen to thirty years in prison.  Petitioner filed a direct appeal.  The

Michigan Court of Appeals affirmed his sentence. People v. Thompson, No. 296578

(Mich.Ct.App. April 2, 2010).  In lieu of granting leave to appeal, the Michigan Supreme

Court remanded for re-sentencing, finding that Offense Variable 8 of the Michigan Sentencing Guidelines had been improperly scored.  People v. Thompson, 488 Mich. 888 (2010).

On remand, Petitioner was re-sentenced to one hundred and eleven months to thirty years in prison.  Petitioner was also ordered to be placed on lifetime electronic monitoring under M.C.L. § 750.520n.  Petitioner again appealed.  The state courts affirmed his sentence.  People v. Thompson, No. 311265 (Mich. Ct. App. May 7, 2013); lv. den. 495 Mich. 882 (2013).

Petitioner seeks a writ of habeas corpus on the following ground:

The trial court erred in sentencing defendant to lifetime electronic monitoring.

### III.  Analysis

#### A.

Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face.  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief.  See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  In this Circuit, a district court has a duty to screen and dismiss a petition that on its face does not entitled a petitioner to relief.  See Allen v. Perini, 424 F. 3d 134, 140-41 (6th Cir. 1970).

#### B.

Here, Petitioner says he is entitled to habeas relief because the trial court erred

2

in sentencing him to lifetime monitoring.  Petitioner contends that under state law a person cannot be sentenced to lifetime electronic monitoring unless the victim was under thirteen years old and the victim was fourteen years old at the time of the sexual assaults.

State courts are the final arbiters of state law.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002).  Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  See Vliet v. Renico, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).  This is so because violations of state law and procedure which do not infringe specific federal constitutional protections do not present claims under section 2254. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  As explained below, Petitioner's sentence to lifetime electronic monitoring is not against state law; indeed, it was required by state law.

M.C.L. § 750.520n provides: "A person convicted [of first-degree CSC] or [second-degree CSC] for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring....".  Michigan's first-degree criminal sexual conduct statute, however, requires that any defendant who is convicted of that offense shall be sentenced "to lifetime electronic monitoring under section 520n" without any limitation as to the age of the victim.  See M.C.L. § 750.520b(2)(d).

In People v. Brantley, 296 Mich. App 546, 557-59 (2012), the Michigan Court of Appeals held that M.C.L. § 750.520n(1) requires a state court in Michigan to sentence a

3

defendant who is convicted of first-degree criminal sexual conduct to lifetime electronic monitoring, regardless of the age of the defendant or the victim.  The Michigan Court of Appeals concluded, based upon the "last antecedent rule" of statutory construction, that the age restrictions in Mich. Comp. Laws § MCL 750.520n(1) applied only to convictions under Michigan's second-degree criminal sexual conduct statute, M.C.L. § 750.520c, but did not pertain to convictions for first-degree criminal sexual conduct. Id., at 557. The Michigan Court of Appeals further noted that M.C.L. § 750.520b(2)(d), which requires lifetime monitoring for defendants convicted of first-degree criminal sexual conduct, was "silent" as to age of the victim, whereas M.C.L. § 750.520c(2)(b) specifically limited lifetime monitoring for convictions for second-degree criminal sexual conduct only if the defendant was over seventeen years old and the victim was under thirteen years of age. Id., at 558.  Other panels of the court of appeals panels have reached the same conclusion.  See People v. Johnson, 298 Mich. App. 128 (2012)(lifetime electronic monitoring was mandatory for defendant sentenced to prison for first-degree criminal sexual conduct, regardless of ages of defendant or victim at time of offenses); People v. King, 297 Mich. App. 465(2012)(same).

Thus, Petitioner's claim that he was sentenced to lifetime monitoring in violation of Michigan law fails to present a viable habeas claim.

## IV.  Conclusion

For the reasons stated above, the petition is DISMISSED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claim, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28

4

U.S.C. § 2253(c)(2).[1] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

     SO ORDERED.


                S/Avern Cohn
                AVERN COHN
                UNITED STATES DISTRICT JUDGE


Dated:  November 7, 2014
       Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 7, 2014, by electronic and/or ordinary mail.


                S/Sakne Chami
                Case Manager, (313) 234-5160

---

[1]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.